## PEOPLE v. NICOLOSI.

### No. 21,018; November 20, 1893.

#### 34 Pac. 824.

**Larceny—Possession of Stolen Property.**—A trunk alleged to have been stolen by defendant was found in a shanty which had been occupied by defendant and another for several weeks. The officer searching for it found it, with another trunk, under defendant's bed, covered over with old clothing; and defendant, when asked what it was, replied that it was nothing. When ordered to open it, he said he did not have the key, but when the trunk was examined the lock was found to be broken, and a letter was found in it, addressed to defendant's brother. Being asked whose name it was, and how it came there, defendant said it was his name, and that he put the letter in the trunk himself. Defendant said that the trunk had been left there two weeks before by a man whom he did not know, and who promised to pay him for keeping it. It was shown that the trunk had been stolen about two weeks before it was found in defendant's possession. Held, sufficient to warrant a finding that defendant stole the trunk.

**Larceny—Possession of Stolen Goods.**—As the evidence clearly proved that the trunk was found either in the sole possession of defendant, or the joint possession of defendant and the person occupying the room with him, the court properly refused to charge that if the trunk was only found in a house which defendant occupied jointly with another, equally capable of having committed the theft, then no definite presumption of guilt could be made, the instruction not being applicable to the facts.

**Larceny—Evidence.**—It was not Error for the Court to Permit a witness to describe the trunk found with the one that had been stolen, such evidence not being given to show that such trunk had been stolen or lost.

APPEAL from Superior Court, San Bernardino County; George E. Otis, Judge.

Jaratarno Nicolosi was convicted of larceny and appeals. Affirmed.

E. R. Annable and Paris & Allison for appellant; Frank F. Oster, district attorney, for the people.

VANCLIEF, C.—The defendant and Giovanin Lena were, by information, jointly accused of the crime of grand larceny, committed by feloniously stealing and carrying away a trunk and contents thereof, consisting of ladies' apparel, the property of a Miss Jennie Fetty. On a separate trial the defendant was found guilty and sentenced to imprisonment in the state's prison; and he brings this appeal from the judgment and from an order denying his motion for a new trial.

1. Counsel for appellant contend that the evidence is insufficient to justify the verdict, in that there was no evidenec tending to prove the defendant guilty, except proof that the stolen property was found in his possession. But I think there was other evidence sufficiently corroborative of the inference from possession of the stolen property to justify the verdict. The trunk was found in the possession of defendant and Lena, in a small, rough, ten by fourteen, board shanty, in which they had been living only about four weeks, in the town of Riverside, San Bernardino county, by J. W. Dickson, the marshal, and F. P. Wilson, constable, of that town. The shanty had but one window, and that was darkened by boards nailed on the inside, and a gunny-sack on the outside. The marshal, while searching for the trunk in the shanty, and in the presence of defendant and Lena, discovered something under their bed or bunk covered with a quilt, gum-coat and other old clothing, and asked defendant what it was. Defendant answered, ''Oh, nothing.'' The marshal then pulled off the covering, and discovered two trunks, one of which was Miss Fetty's trunk, and ordered defendant to open it. Defendant said: ''It ain't my trunk. I cannot open it up. I haven't got any key to the trunk.'' Upon examination, the marshal discovered that the lock had been broken, and he opened the trunk, and found therein an envelope addressed as follows: ''Mr. L. Nicolosi, No. 105 Upper Main St., Los Angeles, Calif.'' Being asked whose name that was, and how it came there, defendant said: ''That is my name. I wrote it and put it there two or three days

ago." Being reminded that he had said he could not open the trunk, and asked to explain, he said nothing. The address on the envelope was that of his brother. Defendant further told the marshal that the trunks were brought there about two weeks before by a man who drove up with a light spring wagon and a gray horse, whom he had never seen before nor since, and who told defendant that he (the stranger) would like to leave those trunks there for a few days, and that he would call for them, and pay for the trouble of keeping them; and thereupon he (defendant) and his partner (Lena) carried the trunks into their cabin. Defendant also said he had not been doing anything since he came to Riverside; that he had come up from Los Angeles to pick oranges. It was proved that Miss Fetty's trunk had been stolen about two weeks before it was found in the possession of defendant and Lena. These circumstances of themselves were sufficient to excite a very strong suspicion of defendant's guilt, even though it had not been known that Miss Fetty or any other person had lost a trunk, and together with the proof that the trunk had been stolen, and found in the possession of the defendant, justified the verdict of the jury: People v. Chambers, 18 Cal. 383; People v. Velarde, 59 Cal. 457.

2. The defendant asked the court to instruct the jury that if the trunk was "only found lying in a house or room in which he (defendant) lived jointly with another equally capable of having committed the theft, then no definite presumption of guilt could be made." Had the evidence tended to prove only that the trunk was found in a room occupied by defendant and Lena, without showing any connection or relation between them, or how the trunk came there, perhaps it would have been insufficient to prove possession of the trunk by the defendant, individually or jointly with Lena, in which case the instruction asked might have been proper. But the evidence is clear, and without conflict, that the trunk was found either solely in possession of defendant, or in the joint possession of defendant and Lena. This was admitted by the defendant, who testified that he and Lena had voluntarily taken it into their room, and kept it there about two weeks. Therefore, the instruction asked was not applicable to the evidence. It falsely assumed that there was evidence by which the jury might have been justified in finding that the trunk "was only

found lying in a house or room'' occupied jointly by defendant and another, whereas, it was clearly proved that the trunk was not only thus found, but that it had been taken and kept there by the voluntary assistance of the defendant, and was in his possession.

3. While Dickson was testifying for the people, he spoke of and described the other trunk found with Miss Fetty's trunk under defendant's bed. Defendant's attorney objected to ''his saying anything in regard to any other trunk than the one described in the complaint, on the ground that it is irrelevant, immaterial and incompetent, and having a tendency to prove the commission of another crime.'' It is contended that the court erred in overruling this objection. No evidence was given or offered tending to prove the other trunk had been stolen or lost. It was merely described as one of the things discovered in close proximity to the stolen trunk, as were the quilt, gum-coat, and other old clothes with which the trunks were covered. I think the court did not err in permitting a mere description of all things found with the stolen trunk under the defendant's bed. I think the order and judgment should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.